UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MILTON B. SCOTT,

    Petitioner,

vs.

GARY SWARTHOUT, Warden,

    Respondent.

No. C 12-4901 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING APPOINTMENT OF COUNSEL AND FOR RESPONDENT TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at the California State Prison - Solano has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also applied for leave to proceed in forma pauperis.

Petitioner was convicted in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

A jury convicted petitioner of murder. He was sentenced to fifty years to life in prison. The California Court of Appeal affirmed the judgment and the California Supreme Court denied review.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

## B.   Legal Claims

As grounds for federal habeas relief, petitioner asserts that: (1) His trial counsel was ineffective for failing to object to the admission of certain recorded witness testimony; (2) the trial court erred and violated due process in allowing into evidence certain graphic rap lyrics; (3) the prosecution committed misconduct in closing arguments; and (4) the trial court erred in allowing into evidence another witness' statement, who refused to testify, violating petitioner's right to confrontation under the Constitution. These claims are sufficient to require a response.

## C.   Appointment of Counsel

Petitioner has also moved for appointment of counsel.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) provides that in habeas cases, whenever "the court determines that the interests of justice so require, representation may be provided for any financially eligible person . . . ."

Petitioner has presented his claims adequately, and they are not particularly complex. The interests of justice do not require appointment of counsel.

///

///

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 5 on the docket) is **GRANTED**.

2. The motion for appointment of counsel (document number 4 on the docket) is **DENIED**.

3. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

4. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen days of receipt of any opposition.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

3

**IT IS SO ORDERED.**

Dated: November 20, 2012.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.12\Scott4901.osc.wpd